**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                              Case No.  3:11-cr-278-J-34MCR

THOMAS O'STEEN MONROE
_____/

## ORDER

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. No. 43; Report), entered on May 15, 2012.  In the Report, Magistrate Judge Richardson recommends that Defendant, Thomas O'Steen Monroe's (Monroe), Motion to Suppress Physical Evidence and Statements and Incorporated Memorandum of Law (Doc. No. 28) be denied. See Report at 26.  With leave of Court, Monroe filed his objection to the Report on July 3, 2012.  See Defendant's Objection to Report and Recommendation and Incorporated Memorandum (Doc. No. 50; Objection).  On August 9, 2012, the United States filed its response to the Objection.  See United States' Response in Opposition to Defendant's Objections to Report and Recommendation and Supporting Memorandum of Law (Dkt. No. 53).  Accordingly, the matter is ripe for review.

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1).  The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3).  "[I]n determining whether to accept, reject, or modify the magistrate's report

and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982 (quoting Nettles v. Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[1]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[2] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made[3], the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Matthews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon careful consideration and independent review of the record, including the transcript of the evidentiary hearing, the evidence introduced during the evidentiary hearing,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 556 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[2] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

[3] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

and the submissions of counsel, the Court will overrule Defendant's Objection, and accept and adopt the factual and legal conclusions recommended by the Magistrate Judge.[4]

Accordingly, it is hereby **ORDERED**:

1. Defendant's Objection to Report and Recommendation and Incorporated Memorandum of Law (Doc. No. 50) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 43) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress Physical Evidence and Statements and Incorporated Memorandum of Law (Doc. No. 28) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of August, 2012

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

i17
Copies to:

Counsel of Record

---

[4] In doing so, the Court addresses the suggestion, on Page 4 of the Report, that because a traffic stop is a seizure, the "Government must show there was probable cause to stop Defendant's vehicle." Report at 4. Such a seizure, of course, "is constitutional if it is either based upon probable cause to believe a traffic violation has occurred or justified by reasonable suspicion in accordance with Terry [v. Ohio], 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 [(1968)]." United States v. Harris, 526 F.3d 1334, 1337 (11th Cir. 2008) (per curiam) (emphasis supplied). As the officer in the instant matter had probable cause to believe Defendant had committed a traffic violation, he had probable cause to effectuate a stop of Defendant's vehicle.